SCHOELL, PLAINTIFF-APPELLANT, v. BOARD OF ZONING APPEALS CITY OF CLEVELAND, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 27022.   Decided October 21, 1964.

*Mr. Paul Mancino*, for plaintiff-appellant.

*Mr. Bronis J. Klementowicz*, director of law, and *Mr. Richard M. Brennan*, assistant director of law, for defendant-appellee.

SKEEL, C. J.   This appeal comes to this court on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County May 6, 1964.   The judgment entered was in an action on appeal from the final order of the Board of Zoning Appeals of the City of Cleveland affirming the determination of the Commissioner of Building in refusing to grant appellee herein permission to maintain four suites as living quarters for four separate families in premises at 5901 Clark Avenue in the City of Cleveland.   The notice of appeal to the Board was filed July 31, 1956, where, after hearing, the Board sent the following notice of its decision to James T. Schoell, 5811 Clark Avenue, Cleveland, Ohio, on July 13, 1960 (after filing a resolution of its conclusions July 11, 1960):

"The Board of Appeals at its meeting Monday, July 11, 1960, voted four suites refused but two suites permitted, subject to requirements of the Building Code."

The transcript shows that there was then filed an "appeal for a rehearing" for the purpose of presenting new evidence, which, in part, was alleged to be an affidavit of a former owner that the premises were occupied by four families in four separate suites as far back as 1925.   (The zoning ordinance, which it is claimed would be violated if the application should be granted, was passed in 1929.)   The date of the overruling of this application for rehearing, if it was overruled, does not appear in the transcript.   The notice of appeal to the Common Pleas Court, filed by the appellant (appellee herein), with the Zoning Board of Appeals and in the Common Pleas Court, was captioned "City of Cleveland Board of Zoning Appeals." The notice, filed on August 19, 1960, states that the appeal is from an "order of the Board of Appeals herein denying his appeal from the ruling of the Building Commissioner of the City of Cleveland on July 11, 1960, and also from refusing his request for a rehearing filed with said Board."

The Clerk of the Common Pleas Court, upon receiving the

transcript for filing, docketed the case as *James T. Schoell 6211-13 Clark Avenue, Cleveland, Ohio, Appellant,* v. *City of Cleveland Board of Zoning Appeals, Appellee,* and the case went to trial with that caption. The error in the caption was induced by the appellee. The court was not requested by either of the parties to correct the caption and the judgment was entered by the Court of Common Pleas reversing the final order of the Board of Zoning Appeals as shown by the journal entry.

Upon the entry of such judgment in the Common Pleas Court on May 6, 1964, the City Law Director filed a notice of appeal on May 25, 1964, which recites "Now comes the Defendant-Appellant and hereby gives notice of appeal on questions of law from the judgment and final order * * * overruling the order of the City of Cleveland Board of Zoning Appeals * * *."

While there is a serious question presented by the transcript and the record as to whether or not the original notice of appeal to the Common Pleas Court, seeking to invoke the jurisdiction of that court to hear the appeal was filed in time to confer jurisdiction, the question now before this court is on the appellee's motion to dismiss the appeal on the ground that the City of Cleveland Board of Zoning Appeals is not a proper party appellant. We will, therefore, confine our consideration to that question.

Section 2505.05, Revised Code, provides, in part:

"* * *. In said notice (of appeal) the party appealing shall be designated the appellant, and the adverse party, the appellee, * * *."

This the appellant to the Common Pleas Court (appellee herein) did not do. The governmental agent (the Building Commissioners of the City of Cleveland) whose order was the subject of the appeal to the Zoning Board of Appeals and to the Court of Common Pleas, is the property party appellee as is clearly evident by the record. The error of the Clerk in docketing the case is one that is subject to correction. It must be again asserted that on the face of the record the Building Commissioner whose order was the subject of this appeal was the defendant-appellee in the hearing before the Board and a proper and necessary party on appeal. The Board of Zoning Appeals could, under no circumstances, become a party to the action.

See *DiCillo & Sons* v. *Board*, 158 Ohio St., 302, 109 N. E. (2d), 8; *State, ex rel. Basista,* v. *Melcher, Building Commissioner,* 118 Ohio App., 37, 188 N. E. (2d), 293. The mistake of the Clerk of the Common Pleas Court as induced by the appellee herein in docketing the case, is, therefore, ordered corrected by substituting the City of Cleveland and the Building Commissioner of the City as parties appellees as of the date the appeal was taken to the Zoning Board of Appeals.

The notice of appeal, filed by the Law Director, is clearly in proper form, referring as it does to defendant-appellant. The motion of the appellee to dismiss is, therefore, overruled.

SILBERT and CORRIGAN, JJ., concur.