WOODS, APPELLANT, v. CIVIL SERVICE COMMISSION, CITY OF CLEVELAND, APPELLEE.

(No. 44999—Decided February 10, 1983.)

Mr. Harold L. Williams, for appellant.

Mr. James E. Young, director of law, and Mr. Nick Tomino, for appellee.

PRYATEL, J. Appellant, Ronald Woods, was removed by the city of Cleveland from its police department on April 10, 1981, for insubordination. Initially, the city of Cleveland was represented by John S. Polito, assistant director of law.

Woods then filed an appeal to the Civil Service Commission ("commission") for the city of Cleveland. Mr. Polito continued to represent the city while Robert McCarthy, another assistant law director, represented the interests of the commission. The commission upheld the city of Cleveland's decision to remove Woods from his employment as a city police officer.

Woods then filed a timely notice of appeal in the Court of Common Pleas of Cuyahoga County and proceeded under R.C. 2506.01[1] to contest the decision of the commission. A hearing was held before a judge at which only Woods' attorney and counsel for the city of

---

[1] R.C. 2506.01 reads:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code. .

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

Cleveland were present. A briefing schedule was agreed upon and Woods subsequently filed his appeal brief in that court. The city did not file a reply to this brief. However, the commission moved to dismiss the appeal.

The basis of this motion was an alleged defect in Woods' notice of appeal.[2] The commission contended that it was not a proper party to the appeal and should, therefore, be dismissed. Further reliance was placed on the caption to Woods' appeal brief to that court.[3]

The court granted the motion to dismiss the appeal, finding that the commission was not a proper party and that it was the only party that the appeal had been brought against. The court further directed that "Mr. Tomino shall prepare [the] Entry."[4]

Woods filed a motion to amend his notice of appeal so that the city of Cleveland would be designated as the appellee. This motion was denied. Woods then filed a motion for reconsideration which was also denied.

Woods now appeals to this court from the order granting the commission's motion to dismiss.

### Assignment of Error

"The common pleas court erred when it held that appellant named the civil service commission as the sole appellee in his notice of appeal."

In this single assignment of error appellant argues (1) that the court erred in holding that the commission was the sole appellee, and (2) that it was error to deny appellant's motion to amend his notice of appeal.

In disposing of the issues in this case, it is not necessary for us to decide whether the commission was the only appellee designated in the caption on appellant's notice of appeal. An appeal taken pursuant to R.C. 2506.01 must proceed in accordance with the provisions set out in R.C. 2505.01 to 2505.45, unless modified by R.C. 2506.01 to 2506.04.[5] Since R.C. 2506.01 to 2506.04 do not describe the necessary steps to perfect an appeal, reference must be made to R.C. 2505.04 and R.C. 2505.05.[6]

Under R.C. 2505.04, the only jurisdictional requirement is the filing of the notice of appeal. R.C. 2505.05 then sets out what information must be designated in the notice of appeal. These, however,

---

[2] The caption of the notice of appeal reads:
"RONALD WOODS, 13306 Bartlett Avenue, Cleveland, OH 44120, Appellant, vs. CIVIL SERVICE COMMISSION, CITY OF CLEVELAND, City Hall, Room 335, 601 Lakeside Avenue, Cleveland, OH 44114, Appellee."

[3] This caption reads:
"RONALD WOODS, Appellant, vs. CIVIL SERVICE COMMISSION, Appellee."

[4] Nick Tomino had earlier replaced John S. Polito as counsel for the city of Cleveland on this case.

[5] See fn. 1.

[6] R.C. 2505.04 reads:
"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

R.C. 2505.05 reads:
"The notice of appeal required by section 2505.04 of the Revised Code shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the appellate court for good cause shown."

are not jurisdictional prerequisites and a failure to comply with them does not defeat an appeal, as the notice of appeal may be amended "for good cause shown" (R.C. 2505.05). See *In re Estate of Verbeck* (1961), 114 Ohio App. 155, 159-160 [18 O.O.2d 465].

Moreover, R.C. 2505.05 has universally been liberally construed so as not to deny an appeal on technical grounds. *Bruns Coal Co.* v. *Bowers* (App. 1960), 15 O.O. 2d 69, 70. Thus, if the notice of appeal substantially informs all parties of the order and tribunal (or court) from which the appeal is taken and to what court the appeal is taken, so that no parties are prejudiced, then it is sufficient notice for R.C. 2505.05. *Bruns Coal Co., supra.*

This court addressed a similar situation in *Schoell* v. *Bd. of Zoning Appeals* (1964), 120 Ohio App. 245 [29 O.O.2d 79]. In *Schoell, supra,* the appellant to the court of common pleas captioned his notice of appeal as being brought against "City of Cleveland, Board of Zoning Appeals." *Id.* at 247. The proper appellee was the building commissioner as it was his ruling that was being appealed. The clerk for the court of common pleas docketed the case as it was captioned in the notice of appeal. In holding to correct this defect, we noted that the record indicated the proper appellee and that even though the mistake was induced by the appellant (in the trial court), the board of zoning appeals could never become a party to that action. Likewise here, the mistake was induced by appellant, but the commission could never become a party to this appeal and it was evident from the record, if not the notice of appeal, that the city of Cleveland was the proper appellee.

The Ohio Supreme Court has held that where an adverse and necessary party appears and participates in an appeal from a decision by a municipal building commissioner to the board of zoning appeals, such party remains adverse and necessary and remains a party to a further appeal pursuant to R.C. Chapter 2506, even though the party was not named in the notice of appeal. *Gold Coast Realty* v. *Bd. of Zoning Appeals* (1971), 26 Ohio St. 2d 37 [55 O.O.2d 20].

In the instant case, the city of Cleveland appeared at the civil service commission's hearing and defended its action in terminating the appellant's employment. Being an adverse and necessary party at that proceeding, the city remained as such even though not clearly set out in the caption to appellant's notice of appeal. Furthermore, the city was given adequate notice that it was a party to the appeal and did not suffer any prejudice by not being clearly labeled an appellee. A copy of the notice of appeal was served on the attorney representing the city as is indicated in the proof of service provision,[7] thereby giving him adequate notice that the city was a party. See *Bruns Coal Co., supra.*

Additionally, the city has not been prejudiced by whatever faults may be found in the notice of appeal. Counsel for the city knew that the city was a proper party to the appeal and was, in fact, present at all hearings conducted concerning this matter. Counsel for the city was even directed by the court of common pleas to prepare the judgment entry dismissing the appeal. While we do not hold that leave to amend a notice of appeal should be freely given, where a party knows that it is the proper appellee and actually participates in the proceedings and is not

---

[7] This statement of service reads:

"A copy of the foregoing Notice of Appeal was served upon John S. Polito, Counsel for *Appellee*, Department of Law, City Hall, Room 106, 601 Lakeside Avenue, Cleveland, Ohio 44114; *and* upon Civil Service Commission, City of Cleveland, City Hall, Room 335, 601 Lakeside Avenue, Cleveland, Ohio 44114, via regular U.S. mail, this _____ day of August, 1981." (Emphasis added.)

prejudiced by such amendment, a motion to amend should be granted.

Accordingly, appellant's assignment of error is sustained.

The judgment is reversed and the cause is remanded with leave to amend the notice of appeal.

*Judgment reversed and*
*cause remanded.*

PARRINO, P.J., and NAHRA, J., concur.

PARRINO, P.J., concurring.

I concur in the reversal of the judgment of the trial court based upon my dissent in *Catchings* v. *Cleveland Public Schools* (April 1, 1982), Cuyahoga App. No. 43730, unreported, as well as upon the reasoning set forth by the majority above.

The failure to name the proper party-appellee in the instant case is not a jurisdictional defect.