HOUGHTALING et al., Appellees,

v.

CITY OF MEDINA BOARD OF ZONING APPEALS, Appellant.

[Cite as *Houghtaling v. Medina Bd. of Zoning Appeals* (1999), 134 Ohio App.3d 541.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2896–M.

Decided July 14, 1999.

542

*Ian S. Haberman,* for appellees.

*Prudence C. Spink,* for appellant.

---

Batchelder, Judge.

Appellant, the Medina City Board of Zoning Appeals appeals from the judgment of the Medina County Court of Common Pleas reversing the board's decision finding that appellees James and Victoria Houghtaling were in violation of the Medina City Zoning Code. We affirm.

## I

The Houghtalings are the owners of a travel business known as "Pleasure Cruises." Pleasure Cruises acts like a travel agency, booking its clients on cruise ship vacations. The Houghtalings run this business out of their home on East Liberty Street in the city of Medina, Ohio. The business is permissible as a "home occupation" under the Medina City Zoning Code.

In the spring of 1997, Mr. Houghtaling designed and installed a metal replica of an anchor on his front lawn. The anchor is seven and one-half feet in height, and its crossbar is six feet long. Two lights were added to the ends of the crossbar in July 1997.

On May 16, 1997, the Houghtalings received a letter from Richard Grice, the Medina City Planning Director, instructing them to remove the anchor. Grice's letter stated that the anchor violated Medina City Zoning Code 1113.07, regulating home occupations. Grice opined that the anchor was a sign advertising the Houghtalings' home occupation, Pleasure Cruises, and that the sign was in violation of Medina City Zoning Code 1113.07(e).

The Houghtalings appealed Grice's decision to the board. The Houghtalings also asked that should the anchor be found to be a sign by the board, they be granted a variance from the zoning code. The board discussed the Houghtalings' appeal at a meeting held on July 24, 1997. The board decided unanimously that the anchor was a sign under the zoning code and ordered its removal.[1] The board also denied the request for a variance.

The Houghtalings appealed to the Medina County Court of Common Pleas. The board moved to dismiss the appeal, but the common pleas court denied the motion. The matter was referred to a magistrate. The magistrate held a hearing and received evidence from the Houghtalings and the board. In the magistrate's decision, dated March 23, 1998, the magistrate recommended affirming the order of the board. The Houghtalings objected to the magistrate's decision, and the board responded to the objections. On July 2, 1998, the common pleas court rejected the magistrate's decision and reversed the board's determination that the Houghtalings' anchor violated Medina City Zoning Code 1113.07(e). The board now appeals to this court.

## II

The board asserts three assignments of error. We will address each in turn, consolidating our discussion of the second and third assignments of error.

## A

### First Assignment of Error

"The court erred when it found that the Houghtalings were not required to post a supersedeas bond to invoke the jurisdiction of the court and further erred when it found that the Notice of Appeal filed with the board of zoning appeals and court of common pleas was sufficient to comply with Ohio Revised Code Section 2505.05."

In its first assignment of error, the board argues that the common pleas court erred by not requiring the Houghtalings to post a supersedeas bond in order to prosecute their appeal. The board also argues that the common pleas court should have dismissed the Houghalings' appeal because their notice of appeal from the board's decision was inadequate under R.C. 2505.05.

---

1. The board never explicitly determined that the anchor advertised the Houghtalings' home occupation. However, as noted by the common pleas court, that determination can be inferred from the board's order that the anchor be removed.

The board first argues that the Houghtalings were required to post a supersedeas bond contemporaneously with their notice of appeal. The issue of a supersedeas bond in administrative appeals is addressed in R.C. 2505.06:

·"Except as provided in section 2505.12 of the Revised Code, no administrative-related·appeal shall be effective as an appeal upon questions of law and fact until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."

This court has previously held that " 'a supersedeas bond pursuant to R.C. 2505.06 * * * is required only where a judgment has been rendered for monetary damages.' " *Trademark Homes v. Avon Lake Bd. of Zoning Appeals* (1993), 92 Ohio App.3d 214, 217, 634 N.E.2d 685, 687, quoting *Bettio v. Northfield* (Mar. 6, 1991), Summit App. Nos. 14621 and 14622, unreported, 1991 WL 35113. Because there are no monetary damages at issue in the present appeal, the Houghtalings were not required to post a supersedeas bond in order for their appeal to be effective.

The board also contends that the common pleas court lacked jurisdiction over the Houghtalings' appeal because their notice of appeal was deficient. R.C. 2505.05 states:

"The notice of appeal described in section 2505.04 of the Revised Code shall * * * designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact. In the notice, the party appealing shall be designated the appellant, and the adverse party, the appellee."

The Houghtalings' notice of appeal, filed with the board as required by R.C. 2505.04,[2] read:

"Notice is hereby given that James Houghtaling and Victoria Houghtaling appeal from the decision of the Board of Appeals dated July 27, 1997, and amended decision of August 4, 1997, copies of which are attached.

"This appeal is to the Court of Common Pleas of Medina County, Ohio, and is based on the grounds that the decision is unreasonable and unlawful in the following respects: (a) the decision that Appellants' yard light is a 'sign' is contrary to law and fact; (b) the denial of Appellants' request for a variance was

---

2. A different notice of appeal was apparently filed in the common pleas court. However, the act that perfects an administrative appeal is filing the notice of appeal with the administrative officer or body involved. R.C. 2505.04. Thus, in the case at bar, we need only look to the notice of appeal filed with the board.

an abuse of discretion; and (c) the decision contains matters not before the board."

■ The only jurisdictional requirement is the filing of the notice of appeal. *Woods v. Cleveland Civ. Serv. Comm.* (1983), 7 Ohio App.3d 304, 305, 7 OBR 387, 388, 455 N.E.2d 709, 711. "[I]f the notice of appeal substantially informs all parties of the order and tribunal (or court) from which the appeal is taken and to what court the appeal is taken, so that no parties are prejudiced, then it is sufficient notice for R.C. 2505.05." *Id.* at 306, 7 OBR at 389, 455 N.E.2d at 711.

■ In the case at bar, the Houghtalings' notice of appeal informed the board that they were appealing the board's decisions involving the anchor and identified the decisions by date. The notice of appeal identified the court to which they were appealing, the Medina County Court of Common Pleas. The notice also stated that the Houghtalings intended to present issues of both law and fact. Thus, the notice of appeal substantially informed the board of the decisions being appealed and of the appellate forum, the common pleas court. Further, the board has failed to demonstrate how it was prejudiced by any deficiencies in the Houghtalings' notice of appeal. Therefore, we conclude that the Houghtalings' notice of appeal was sufficient under R.C. 2505.05.

The Houghtalings were not required to post a supersedeas bond, and their notice of appeal substantially complied with the requirements of R.C. 2505.05. Accordingly, the board's first assignment of error is overruled.

B

Second Assignment of Error

"The court erred when it required 'wording or clearer identifying associative with cruises' [*sic*] in order to find that the anchor is a sign advertising a home occupation in the absence of such a requirement in the zoning code."

Third Assignment of Error

"The court erred when it found that there was an absence of reliable, probative evidence as to the advertising nature of the anchor. The court further erred when it failed to give due deference to the Medina City Zoning Board of Appeals' resolution of evidentiary conflicts and blatantly substituted its judgment for that of the board."

We next consider the board's second and third assignments of error together, as they present one issue: whether the common pleas court erred by reversing the decisions of the board.

Administrative appeals undertaken from a city board of zoning appeals are governed by R.C. Chapter 2506. The appeal is first addressed to the court of common pleas of that county. R.C. 2506.01. The common pleas court's standard of review is set forth in R.C. 2506.04:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from * * *."

▮▮▮ Our standard of review is even more limited: we must affirm the common pleas court unless that court's decision " 'is not supported by a preponderance of reliable, probative and substantial evidence.' " *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219, 223, quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 30, 465 N.E.2d 848, 852. In making this determination, we apply an abuse-of-discretion standard. *Nauth v. Sharon Twp. Bd. of Zoning Appeals* (Sept. 2, 1998), Medina App. No. 2754–M, unreported, 1998 WL 597859. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 751. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

Medina City Zoning Code 1113.07 regulates home occupations in the city of Medina. One of the restrictions on home occupations is that "[n]o sign, advertising the home occupation, will be permitted." Medina City Zoning Code 1113.07(e). The term "sign" is defined in Medina City Zoning Code 1361.03(15):

" 'Sign' means any structure, or natural object such as tree [*sic* ], rock, bush and the ground itself, or part thereof, or device attached thereto or painted or represented thereon, which shall be used to attract attention to any object, product, place, activity, person, institution, organization or business, or which shall display or include any letter, word, banner, flag, pennant, insignia, device or representation used as, or which is in the nature of an announcement, direction or advertisement. For the purpose of these regulations the word 'sign' does not include the American flag, the insignia of any government, governmental agency or of any charitable organization."

The parties agree that Pleasure Cruises is a "home occupation" within the meaning of the zoning code.

The ultimate issue before this court is whether the anchor violates Medina City Zoning Code 1113.07(e) as a sign that advertises the Houghtalings' home occupation. The matter may be set to rest without deciding whether the anchor meets the definition of "sign" within the meaning of Medina City Zoning Code 1361.03(15). No definition of the term "advertise" appears in the Medina City Zoning Code. Therefore, we will give the term its ordinary and plain meaning. See *State ex rel. Ohio Dept. of Health v. Sowald* (1992), 65 Ohio St.3d 338, 342, 603 N.E.2d 1017, 1020. The term has been defined as "[t]o advise, announce, apprise, command, give notice of, inform, make known, publish," or "[t]o call a matter to the public attention by any means whatsoever." Black's Law Dictionary (6 Ed.1990) 54.

█ Assuming without deciding that the anchor is a sign, we conclude that the anchor does not advertise the home occupation of the Houghtalings, Pleasure Cruises. The evidence was uncontroverted that there were no markings on the anchor itself that informed the public of the name or telephone number of Pleasure Cruises. There was much testimony about whether the anchor advertised a business that sold cruise ship vacations. There was testimony that the Houghtalings used the anchor as a reference point for people who came to their home to pick up tickets, by telling the clients to look for the anchor. As one witness aptly noted, the presence of a large anchor in one's lawn indicates some nautical connection. Several witnesses testified that, in their opinion, the anchor advertised Pleasure Cruises, but each of these witnesses had prior knowledge of the existence and nature of the business. However, there is nothing on the face of the anchor or about the anchor itself that declares to the public at large, who is without such prior knowledge, that a business that sells cruise ship vacations is run out of the Houghtalings' house. The evidence before the common pleas court was uncontradicted in that respect.

Because it does not advertise the Houghtalings' home occupation, Pleasure Cruises, the anchor does not violate Medina City Zoning Code 1113.07(e). Therefore, the common pleas court did not abuse its discretion by reversing the decisions of the board. Accordingly, the second and third assignments of error are overruled.

### III

The board's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SLABY, P.J., and WHITMORE, J., concur.