[Cite as *Smith v. Mentor Ridge Health & Rehab.*, 2023-Ohio-4659.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JONATHAN SMITH,                                    :
EXECUTOR OF THE ESTATE OF
MARTHA STARCHER,                                   :

      Plaintiff-Appellant,                         :

                              No. 112863

      v.                                           :

MENTOR RIDGE HEALTH AND
REHABILITATION, ET AL.,                            :

      Defendants-Appellees.                        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 21, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932769

---

*Appearances:*

PAULOZZI CO. L.P.A., Todd O. Rosenberg, and Amy L.
Higgins, *for appellant*.

TUCKER ELLIS LLP, Jeffrey C. Sindelar, Jr., Ernest W.
Auciello, Jr., and Raymond Krncevic, *for appellees*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Jonathan Smith ("Smith"), personal representative

of the estate of Martha Starcher ("Starcher"), appeals an order of the Cuyahoga

County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Mentor Ridge Health and Rehabilitation ("Mentor Ridge Health"), Foundations Health Solutions ("Foundations Health"), and Mentor Ridge Operating, Inc. ("Mentor Ridge Operating") (collectively "appellees"). He claims the following errors:

> 1. The trial court erred when it held that two aides dropping a patient while using a commode is a "medical claim."

> 2. The trial court erred when it held that an amended complaint adding the estate after an estate had been substituted for decedent is precluded when the deceased passed away shortly before the initial complaint was filed.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} This lawsuit was initiated in Starcher's name on May 21, 2020. The complaint alleged that Starcher was injured while she was a resident of Mentor Ridge Health on May 22, 2019. According to the complaint, Starcher was admitted to Mentor Ridge Health on April 19, 2019, to receive physical and occupational therapy as well as skilled nursing care. The complaint alleged that appellees "are skilled residential nursing facilities" and that Starcher was injured on May 22, 2019, when two aides failed to properly assist her to a toilet from her wheelchair. (Complaint ¶ 2, 4.) As a result of the aides' negligence, Starcher fell and suffered a displaced fracture of the distal fibula with fragment displacement, a vertical fracture of the posterior malleolus, and posterior talar dislocation. (Complaint ¶ 7.)

{¶ 4} Appellees responded to the complaint and filed a motion for summary judgment, arguing the complaint was a nullity because it was filed in the name of Starcher, individually. Starcher was deceased before the complaint was filed, and no action was taken to amend the complaint to substitute the estate as the proper party-plaintiff before the statute of limitations expired. After briefing the issues raised in the motion for summary judgment, Smith requested leave to file an amended complaint to substitute himself, as executor of Starcher's estate, as the proper party-plaintiff. The trial court granted leave to amend the complaint and denied appellees' motion for summary judgment "at this time."

{¶ 5} Appellees answered the amended complaint and filed a "renewed" motion for summary judgment, arguing that nothing in the amended complaint changed the fact that no lawsuit was initiated on behalf of the estate prior to expiration of the applicable statute of limitations. The trial court agreed and granted summary judgment in favor of appellees on the estate's claims. Thereafter, a notice of appeal was filed in the name of Martha Starcher, individually.[1]

## II. Law and Analysis

---

[1] "The timely filing of a notice of appeal is the only jurisdictional requirement for perfecting a valid appeal." *In re L.S.*, 8th Dist. Cuyahoga No. 112698, 2023-Ohio-4321, ¶ 20, citing *Bank of Am., N.A. v. Robledo*, 10th Dist. Franklin No. 13AP-278, 2014-Ohio-1185, ¶ 11, citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus. See also R.C. 2505.04; *Woods v. Civ. Serv. Comm., Cleveland*, 7 Ohio App.3d 304, 305, 455 N.E.2d 709 (8th Dist.1983)("Under R.C. 2505.04, the only jurisdictional requirement is the filing of the notice of appeal.").

Because the notice of appeal was timely filed, this court has jurisdiction to hear the appeal. And, with leave of court, appellant filed an amended notice of appeal identifying Smith as the proper party-appellant.

{¶ 6} As a preliminary matter, Smith argues there is confusion in the trial court's decision because it initially denied appellees' motion for summary judgment, but later granted appellees' renewed motion for summary judgment without providing any reasons. However, the first motion for summary judgment was not decided on the merits. The court denied the motion "at this time" in order to allow Starcher's personal representative to amend the complaint.

{¶ 7} When the court ruled on the appellees' renewed motion for summary judgment based on the amended complaint, the claims were then ripe for review. In granting the renewed motion for summary judgment, the court noted in its judgment entry that "Martha Starcher died before the complaint was filed and no complaint on * * * behalf of her estate was ever filed before the statute of limitations expired and defendants are entitled to judgment as a matter of law." (June 6, 2023, judgment entry.) Thus, despite Smith's claim to the contrary, the trial court provided reasons for its decision.

{¶ 8} Nevertheless, the trial court's reasons for granting the renewed motion are irrelevant since appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In a de novo review, we afford no deference to the trial court's decision and independently review the record to determine whether the grant of summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to

judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, the party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

{¶ 10} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).

## A. Medical Claim

{¶ 11} In the first assignment of error, Smith argues the trial court erred in holding that two aides dropping a patient while using a commode is a "medical claim." Medical claims are subject to a one-year statute of limitations. R.C. 2305.113(A). Ordinary negligence claims are subject to a two-year statute of limitations. R.C. 2305.10. Thus, whether appellees' conduct gives rise to a medical claim or an ordinary negligence claim determines the applicable statute of limitations and the viability of the alleged claims.

{¶ 12} R.C. 2305.113(E)(3) defines the term "medical claim" for statute of limitations purposes and provides, in relevant part:

"Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:

* * *

(e) Claims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment.

{¶ 13} Smith argues that injury claims arising from a nursing home's failure to properly transfer a patient from a hospital bed or wheelchair to a toilet is not a medical claim as defined by R.C. 2305.113(E)(3). In support of his argument, Smith cites *McFarren v. Emeritus at Canton*, 5th Dist. Stark No. 2015 CA 00052, 2016-Ohio-484; *Lerner v. Broadview NH, L.L.C.*, 10th Dist. Franklin No. 16AP-512, 2017-Ohio-8001; *Haskins v. 7112 Columbia, Inc.*, 2014-Ohio-4154, 20 N.E.3d 287 (7th Dist.); and *O'Dell v. Vrable III*, 2022-Ohio-4156, 200 N.E.3d 1208 (4th Dist.).

{¶ 14} In *McFarren*, an elderly patient broke her hip in a nursing home when she fell while attempting to move, by herself, from a wheelchair to her bed. She died shortly after the fall, and her personal representative, McFarren, filed a complaint against the nursing home and related entities, alleging several claims including ordinary negligence. The Fifth District held that the claims amounted to ordinary

negligence and were, therefore, not subject to the one-year statute of limitations provided in R.C. 2305.113(A). In reaching this decision, the court analyzed several cases interpreting the term "medical claims" as defined by the statute and concluded:

> Not all care that occurs in a hospital or nursing home involves "medical care" within the meaning of R.C. §2305.113. *Carte v. the Manor at Whitehall*, 10th Dist. [Franklin] No. 14AP-568, 2014-Ohio-5670, ¶ 29. Based on *Browning* [*v. Burt*, 66 Ohio St.3d 544, 613 N.E.2d 993 (1993)] and *Rome* [*v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 635 N.E.2d 1239 (1994)], in order to determine whether a claim is a "medical claim" pursuant to R.C. 2305.113, the court must examine whether the action or inaction was part of some type of medical test or procedure, was ordered by a doctor, or that it required medical expertise or professional judgment.

*McFarren* at ¶ 44.

{¶ 15} In *Lerner*, the Tenth District held that some of the plaintiff's claims were "medical claims" and others were ordinary negligence claims. In making this distinction the court explained:

> To differentiate between medical care and general care, courts look to whether the act or omission at issue was part of a medical test, procedure, or treatment; whether a medical professional had ordered the provision of the care that was being given (or withheld) at the time of the injury; and whether the care provided (or withheld) required any medical expertise or professional skill.

*Id.* at ¶ 14, citing *McFarren* at ¶ 44, *Haskins* at ¶ 18, and *Conkin v. CHS-Ohio Valley, Inc.*, 1st Dist. Hamilton No. C-110660, 2012-Ohio-2816, ¶ 9.

{¶ 16} In *Haskins*, 2014-Ohio-4154, 20 N.E.3d 287, a nursing-home patient suffered a fractured femur when two nursing-home employees, who were attempting to change the patient's bed sheets, pulled on a sheet that was lodged

under the patient's body. The Seventh District held that the plaintiff's claim was not a medical claim as defined by R.C. 2305.113(E)(3) because there was no indication from the record that "changing the patient's sheets was part of some type of medical test or procedure, was ordered by a doctor, or that it required any medical expertise or professional skill."[2]

{¶ 17} The courts in *McFarren, Lerner*, and *Haskins* quoted R.C. 2305.113(E), but none of them included R.C. 2305.113(E)(3)(d), because the claims at issue in those cases accrued before the language in subsection (d) was added to the statute in March 2015 (the "2015 amendment"). *McFarren*, 5th Dist. Stark No. 2015 CA 00052, 2016-Ohio-484, at ¶ 10-12 (claims accrued in July 2010); *Lerner,* 10th Dist. Franklin No. 16AP-512, 2017-Ohio-8001 at ¶ 4, 10 (noting that court applied the version of R.C. 2305.113 in effect when claim accrued in 2014); *Haskins* (Patient died in 2012.). 2013 Am.Sub.H.B. 290, effective March 23, 2015.

{¶ 18} The synopsis of the 2015 amendment specifically states that the purpose of the amendment is to "amend the limitation of claims arising out of skilled nursing care or personal care services provided in a home." 2013 Ohio H.B. 290. The amendment added subsection (d), which states that "medical claims" include "[c]laims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis or treatment."

---

[2] *Haskins* returned to the Seventh District two years later in *Haskins v. 7112 Columbia, Inc.*, 2016-Ohio-5575, 69 N.E.3d 1150 (7th Dist.), and the Seventh District held that the changing of bed sheets by two state-tested nursing assistants constituted medical care — even under the pre-2015 version of R.C. 2305.113(E)(3) then in effect.

{¶ 19} R.C. Chapter 3721 governs nursing homes and residential care facilities. R.C. 3721.01(A)(1)(a) defines the term "home" as, among other things, a "nursing home" or "residential care facility." R.C. 3721.01 defines "personal care services" as, among other things, "[a]ssisting residents with activities of daily living[.]" R.C. 3721.01(A)(5)(a)(i); 2305.113(E)(20). Therefore, under the 2015 amendment, "medical claims" are no longer limited to injuries caused by an act or omission related to some type of medical test or procedure ordered by a doctor or other medical professional. They now include claims arising from personal-care services provided in a nursing home or residential facility, including assisting residents with activities of daily living. Assisting a patient in moving from a wheelchair to a toilet is an activity of daily living. Classifying such assistance as a personal-care service makes sense because ordinarily no duty of care exists for one person to assist another with activities of daily living such as toileting or getting in and out of a wheelchair. Such a duty only arises when skilled nursing and personal-care services are provided to people, who require this kind of assistance. Therefore, Smith's claim constitutes a medical claim under R.C. 2305.113(E)(3)(d) because it involved the provision of personal-care services in a nursing facility. (First amended complaint ¶ 2.)

{¶ 20} Smith nevertheless contends that his claim is not a medical claim as explained in *O'Dell*, 2022-Ohio-4156, 200 N.E.3d 1208. In *O'Dell*, an elderly patient fell and broke her hip in her room in a skilled residential nursing home. She died shortly after the fall, and her personal representative filed a complaint against the

nursing home and other corporate and individual defendants. No one observed the patient fall, and the complaint alleged both medical malpractice and ordinary negligence claims. The defendants filed a motion for summary judgment, arguing that all the claims were "medical claims" under R.C. 2305.113(E)(3) and that all ordinary negligence claims should be dismissed. The trial court agreed and dismissed all but the medical claims. *Id*. at ¶ 17.

{¶ 21} Unlike the other cases cited by Smith, the appellate court in *O'Dell* applied the 2015 amendment to the facts of that case. *Id*. at ¶ 27. Yet, the *O'Dell* Court concluded that the claims were not limited to medical claims. In reaching this conclusion, the court explained:

> [The patient] was found on the floor of her room at 1:30 a.m. No one witnessed her fall. She was not being transported to or from a medical procedure. There was not any evidence that she was being assisted with any medical equipment for the purpose of receiving medical diagnosis, care, or treatment, nor was she using medical equipment that was ancillary to and an inherently necessary part of a medical procedure. If we infer that she was attempting to use the bathroom, her use of the bathroom did not involve the prevention or alleviation of a physical or mental defect or illness. Her injury did not arise out of medical diagnosis, care, or treatment and, therefore, did not give rise to a medial claim. Her claim states a common law general negligence claim, not a medical claim.

{¶ 22} The *O'Dell* Court did not consider the legislative intent provided in the synopsis to the 2015 amendment, and it relied exclusively on case law that predates the 2015 amendment to R.C. 2305.113(E)(3). We, therefore, disagree with the analysis and conclusion set forth in *O'Dell*. It is clear based on the synopsis to the 2015 amendment and the amendment itself that the legislature intended to expand

the scope of the term "medical claim" to include personal-care services provided by employees of a residential nursing facility, including assistance with daily activities such as toileting. Therefore, Smith's claim is a medical claim as defined by R.C. 2305.113(E)(3)(d) and is subject to the one-year statute of limitations set forth in R.C. 2305.113(A).

{¶ 23} The first assignment of error is overruled.

## B. The Statute of Limitations

{¶ 24} In the second assignment of error, Smith argues that even if the claims are subject to the one-year statute of limitations set forth in R.C. 2305.113(A), he filed the original complaint within the one-year limitations period, and the trial court erred in concluding that the amended complaint, which substituted the estate for the individual plaintiff, could not relate back to the original filing.

{¶ 25} The original complaint was filed on May 21, 2020, but Starcher died a month and a half earlier on April 9, 2020. Starcher's injury occurred on May 22, 2019, and ordinarily, the one-year statute of limitations would have expired on May 22, 2020. However, due to the COVID-19 pandemic, the Ohio General Assembly tolled all statutes of limitations "set to expire between March 9, 2020 and July 30, 2020." Am.Sub.H.B. No. 197; *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974.

{¶ 26} March 9, 2020, occurred 74 days before the statute of limitations in this case was set to expire. Restarting the clock on July 30, 2020, moved the

expiration date to Monday, October 12, 2020. Because courts were closed for Columbus Day on October 12, 2020, the expiration date was extended one extra day to October 13, 2020. However, the first amended complaint was not filed until March 1, 2021, nearly five months after the statute of limitations had expired.

{¶ 27} Smith nevertheless contends the complaint was timely filed because the original complaint was filed before the statute of limitations expired and the amended complaint relates back to the original filing.

{¶ 28} Civ.R. 15(C), entitled "[r]elation back of amendments," states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The amended complaint in this case was filed to substitute Starcher's personal representative as the party-plaintiff in lieu of Starcher the deceased individual.

{¶ 29} Civ.R. 25(A) governs substitution of parties and states, "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties." However, the phrase "if a party dies" indicates that the rule applies to parties, i.e. people who were already involved in pending litigation at the time of the party's death. Indeed, Civ.R. 25(E) provides that "[u]pon the death or incompetency of a party[,] it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after the attorney acquires actual knowledge of the death or incompetency of that party." Therefore, Civ.R. 25 only provides for the substitution of parties who died while the

litigation was pending and does not contemplate the substitution of a new party for one who predeceased commencement of the litigation.

{¶ 30} Indeed, a deceased person lacks standing to sue. *Harris v. US Bank Natl. Assn.*, 6th Cir. No. 20-2005, 2021 U.S. App. LEXIS 27433 (Sept. 10, 2021), quoting *LN Mgmt., L.L.C., JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020) (Emphasis sic.) ("[I]t is 'self-evident' that 'a dead person, *qua* a dead person (as opposed to the dead person's estate * * *) cannot sue, be sued, or be joined to a lawsuit.'"); *see also Simms v. Alliance Community Hosp.*, 5th Dist. Stark No. 2007-CA-00225, 2008-Ohio-847, ¶ 22 ("[I]f a plaintiff is deceased at the time the complaint is filed, it is a nullity."); *Whitley v. River's Bend Health Care*, 183 Ohio App.3d 145, 2009-Ohio-3366, 916 N.E.2d 515, ¶ 17 (4th Dist.), ("[A]ction commenced by the guardian, after her ward's death, is a nullity.").

{¶ 31} Additionaly, standing is required to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 3, 38. Without jurisdiction, the court lacks authority to substitute the real party-in-interest for another party. *Id.* at ¶ 38 (holding that "a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance."). In *Simms*, the court explained:

> "When the attorney files a complaint unaware that his client has died, the complaint is a nullity since there was no party plaintiff. The complaint may not be amended to substitute the estate of the deceased as plaintiff to correct the deficiency." * * * [B]ecause there was no party plaintiff at the time the complaint was filed, there was no one to

substitute for, and Civ.R. 25 (A) did not permit substitution of the estate for the deceased party.

*Simms* at ¶ 18-19, quoting *Levering v. Riverside Methodist Hosp.*, 2 Ohio App.3d 157, 441 N.E.2d 290 (10th Dist.1981), syllabus. *See also Estate of Newland v. St. Rita's Med. Ctr.*, 3d Dist. Allen No. 1-07-53, 2008-Ohio-1342, ¶ 22 ("[T]he filing date of any new amended complaint in this case would not relate back to the filing date of the original complaint because the original complaint was brought in the name of Betty Newland, who was deceased at the time of filing, and the complaint therefore has remained a nullity from its inception.").

{¶ 32} We are aware that in *Baker v. McKnight*, 4 Ohio St.3d 125, 447 N.E.2d 104 (1983), the Ohio Supreme Court allowed substitution of a defendant who was deceased at the time the complaint was filed. However, courts have consistently drawn a distinction between *Baker* and cases where the plaintiff was deceased at the time of the filing. For example, in *Simms*, the court noted that "*Baker* [is] clearly distinguishable as applying to defendants who, unbeknownst to the plaintiff, are not alive when the plaintiff files the complaint." In *Whitley,* the court stated, "[W]e likewise decline to extend *Baker* to deceased plaintiffs." We agree with the distinction between deceased plaintiffs and deceased defendants because it is the plaintiffs, not defendants, who require standing to invoke the court's jurisdiction in the first instance.

{¶ 33} The original complaint was filed in the name of Martha Starcher, individually. The complaint was a nullity because Starcher was deceased at the time

the complaint was filed. Starcher's personal representative did not seek to amend the complaint to be substituted as the party-plaintiff until after the statute of limitations had expired. And because the amended complaint could not relate back to the original filing, we are constrained to find that no complaint was properly filed before the expiration of the one-year statute of limitations applicable to medical claims. Accordingly, the second assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR