BOWERS et al., Appellants,

v.

OHIO STATE DENTAL BOARD et al., Appellees.

[Cite as *Bowers v. Ohio State Dental Bd.* (2001), 142 Ohio App.3d 376.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–1009.

Decided April 24, 2001.

*Christensen, Shoemaker & Winkler* and *Kevin L. Shoemaker*; *Frank R. Recker & Assocs., Co., L.P.A., Frank R. Recker* and *Nancy A. Schell,* for appellants.

*Betty D. Montgomery,* Attorney General, *Mary K. Crawford* and *Robert C. Angell,* Assistant Attorneys General, for appellees.

LAZARUS, Judge.

Plaintiffs-appellants, Donald F. Bowers, D.D.S., and Jefferson W. Jones, D.D.S. ("Dr. Bowers" and "Dr. Jones" respectively), appeal the August 10, 2000 judg-

ment entry of the Franklin County Court of Common Pleas dismissing appellants' complaint. The complaint sought, among other things, a writ of mandamus ordering defendants-appellees, the Ohio State Dental Board and its members (collectively, "the board"), to promulgate an administrative rule designating which regional dental examinations that the board would accept for purposes of dental licensure in Ohio pursuant to R.C. 4715.11, governing initial dental licensure in Ohio, and R.C. 4715.15, governing licensure in Ohio by reciprocity. The trial court dismissed appellants' complaint on the basis that neither Dr. Bowers nor Dr. Jones had standing to bring the action. For the reasons that follow, we affirm.

Dr. Bowers is a resident of Franklin County and citizen of Ohio. He is the Associate Director of Admissions of the Ohio State University College of Dentistry. Dr. Jones is a resident of San Diego, California. In May 1980, Dr. Jones graduated from Case Western Reserve College of Dentistry in Cleveland, Ohio, and in October 1980, he obtained a license to practice dentistry in the state of California pursuant to a California Board of Dental Examiner's dental examination.

As alleged in their complaint, in April 1997, the board adopted a policy providing that all dentists seeking initial licensure to practice dentistry in Ohio pursuant to R.C. 4715.11 must take and pass the North East Regional Board ("NERB") dental examination.[1] NERB is one of four regional, independent dental testing entities in the nation. Prior to the April 1997 policy change, the board accepted a passing score from any of the four regional dental testing entities for purposes of licensure in Ohio. The April 1997 policy change was made by a majority vote of the board members and was not adopted as a formal rule in accord with the provisions of R.C. Chapter 119.

In 1996, Dr. Jones applied for dental licensure in Ohio pursuant to R.C. 4715.15, governing licensure in Ohio by reciprocity.[2] On April 24, 1997, the board

---

1. R.C. 4715.11 provides:

"An applicant for a license to practice dentistry shall appear before the state dental board at its first examination meeting after the filing of his application, and pass an examination, consisting of practical demonstrations and written or oral tests, or both, as the board determines necessary.

"In lieu of the examination required by this section, the state dental board may accept and approve a certificate granted to an applicant as the result of an examination given by the national board of dental examiners, or other boards, subject to such conditions as the state dental board may prescribe.

"An applicant who graduates from an accredited dental college after January 1, 1972, shall take the examination given by the national board of dental examiners and submit the results thereof to the state dental board."

2. R.C. 4715.15 provides:

denied Dr. Jones's application for licensure on the grounds that he had never taken a regional board examination. Pursuant to R.C. Chapter 119, Dr. Jones appealed the board's decision to the Franklin County Court of Common Pleas (case hereinafter referred to as *"Jones I"*), which, by judgment entry dated February 2, 1998, reversed and remanded the matter to the board for further consideration.

According to appellants' complaint, the Franklin County Court of Common Pleas held in *Jones I* that the board erred in not having formally adopted a regulation pursuant to R.C. Chapter 119 delineating which examinations it would accept for purposes of licensure by reciprocity under R.C. 4715.15. Appellants further alleged that the board failed to comply with the court's decision and, instead, adopted the following regulation, Ohio Adm.Code 4715-5-03:

"An applicant for a dental license, as provided in section 4715.15 of the Revised Code, shall appear before the Ohio state dental board, be examined in the laws, rules, and regulations governing the practice of dentistry in this state, shall pass such other tests or examination as the board shall deem necessary, and shall meet all other requirements set forth in section 4715.15 of the Revised Code. *At the first board meeting of each calendar year, the board shall designate those examinations it deems acceptable for licensure under section 4715.15 of the Revised Code. The board may amend this list of designated examinations at such other times deemed necessary by the board. The applicant shall have successfully passed one of the examinations approved by the board for this state at the time of application.*" (Emphasis added.)

Appellants allege that Ohio Adm.Code 4715-5-03 simply allows the board to adopt a new policy, whenever it chooses, regarding which dental examinations it will accept for purposes of licensure under R.C. 4715.15. Therefore, appellants contend that Ohio Adm.Code 4715-5-03 does not constitute proper rulemaking and violates the court's decision in *Jones I*.

In sum, appellants' complaint alleged that the board's policies with respect to which examinations it will accept for licensure pursuant to R.C. 4715.11 (*i.e.*, only the NERB exam) and R.C. 4715.15 (*i.e.*, those identified at the first annual meeting of the board) are policies that have a general and uniform application to

---

"The state dental board may issue a license by endorsement to an applicant who furnishes satisfactory proof that he is of good moral character; who demonstrates, to the satisfaction of the board, knowledge of the laws, rules, and regulations governing the practice of dentistry in this state; who proves, to the satisfaction of the board, that he intends to practice dentistry in this state; who is a graduate of an accredited dental college; who holds a license by examination from a similar dental board under requirements equal to those of this state, and who, for five consecutive years next prior to filing his application, has been in the legal and reputable practice of dentistry, and who passes an examination consisting of practical demonstrations or written or oral tests or both as the board shall deem necessary."

all dentists seeking licensure in Ohio and, as such, must be established by the formal rulemaking process of R.C. Chapter 119. The complaint, therefore, sought, among other things, a writ of mandamus compelling the board to adopt formal regulations delineating what exams it would accept under R.C. 4715.11 and 4715.15.

Appellees moved to dismiss the complaint on the grounds (1) that the trial court lacked subject matter jurisdiction, (2) that the complaint failed to state a claim upon which relief could be granted, and (3) that neither Dr. Bowers nor Dr. Jones had standing to bring the action. By judgment entry dated August 10, 2000, the trial court granted appellees' motion, holding that neither appellant had standing to bring the complaint.

It is from this judgment entry that appellants appeal, raising the following two assignments of error:

First Assignment of Error:

"The trial court erred to the prejudice of Appellants by finding that Donald F. Bowers, D.D.S. lacked standing to bring the mandamus action set forth in the Complaint."

Second Assignment of Error:

"The trial court erred to the prejudice of Appellants by finding that Jefferson W. Jones, D.D.S. lacked standing to bring the mandamus action set forth in the Complaint."

In their first assignment of error, appellants contend that the trial court erred in failing to find that Dr. Bowers had standing to bring the mandamus action as an individual citizen and taxpayer. In particular, appellants contend that, because the mandamus action seeks enforcement of a public duty, Dr. Bowers need not show that he has any particular legal or special interest in the result of the action beyond that of a citizen and taxpayer. We disagree, finding that the writ of mandamus sought by this action does not seek enforcement of a public duty.

"It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 469, 715 N.E.2d 1062, 1080. Thus, a private litigant "must generally show that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." *Id.* at 469–470, 715 N.E.2d at 1081. The general rule applies equally to writ of mandamus, and, therefore, a relator's complaint must generally set forth

facts showing that the relator is a party beneficially interested in the requested acts. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 226, 685 N.E.2d 754, 756–757.

■ While appellants concede that Dr. Bowers has no personal, beneficial interest in the requested writs sought by this action, appellants contend that he has standing under the public action exception to the general standing rules. Under the public action theory of standing, " 'where the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party and the relator need not show that he has any * * * special interest in the result, since it is sufficient that he is interested as a citizen or taxpayer in having the laws executed and the duty in question enforced.' " *State ex rel. Nimon v. Springdale* (1966), 6 Ohio St.2d 1, 4, 35 O.O.2d 1, 3, 215 N.E.2d 592, 595, quoting 35 Ohio Jurisprudence 2d (1959) 426, Section 141.

■ Application of the public action rule of standing, however, is limited, and not all alleged illegalities or irregularities rise to that level. Therefore, courts entertain such actions only where the alleged wrong affects the citizenry as a whole, involves issues of great importance and interest to the public at large, and the public injury by its refusal would be serious. See *Sheward,* 86 Ohio St.3d at 471 and 503, 715 N.E.2d at 1082 and 1103–1104. The vast majority of such cases involve voting rights and ballot disputes. See, *e.g., Nimon, supra; State ex rel. Newell v. Brown* (1954), 162 Ohio St. 147, 54 O.O. 392, 122 N.E.2d 105; and *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 591 N.E.2d 1186.

■ Here, the writs sought by appellants would compel appellees to adopt regulations specifying which exams prospective dentists must take for licensure in Ohio. While such relief may be of interest to many Ohioans and may tangentially affect their lives by determining who is permitted to practice dentistry in Ohio, the duty sought to be compelled is not in any meaningful sense for the benefit of the public as a whole. It does not affect the citizenry at large, it is not of great importance and interest to the general public, and the alleged public injury is not serious. Rather, the issues raised by this case are of significant interest to only a select group of people—those who may seek licensure to practice dentistry in Ohio. Simply put, the board's alleged obligation to adopt a rule designating which exams prospective dentists must take to obtain an Ohio license to practice dentistry is not a public duty. Cf. *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 635, 716 N.E.2d 704, 710 (mandamus action seeking enforcement of joint rules of the General Assembly governing conference committee action did not involve a public right).

Because we find that no public duty is raised by appellants' complaint, Dr. Bowers has no standing to bring the action solely by virtue of his status as a citizen and taxpayer. Therefore, appellants' first assignment of error is not well taken and is overruled.

In their second assignment of error, appellants contend that, even if Dr. Bowers does not have standing to bring the action based upon his status as a citizen and taxpayer, the trial court erred in failing to find that Dr. Jones has standing to bring the action as to those claims related to R.C. 4715.15 and Ohio Adm.Code 4715-5-03. In particular, appellants contend that Dr. Jones has standing to enforce the decision of the Franklin County Court of Common Pleas in *Jones I.* According to appellants, the court's decision in *Jones I* required the board to adopt a formal rule designating which examinations it would accept for licensure pursuant to R.C. 4715.15, that on remand, the board failed to adopt such a rule and, therefore, Dr. Jones, as the winning party in the case, may seek enforcement of the court's decision in *Jones I* through a separate mandamus action. See, *e.g., State ex rel. Olander v. Ohio Environmental Protection Agency* (1989), 45 Ohio St.3d 196, 543 N.E.2d 1262 (mandamus will lie to enforce an order of reinstatement rendered in prior case). We find, however, that Dr. Jones's legal victory in *Jones I* does not give him standing to seek the writ of mandamus sought in this case.

In *Jones I,* the court did not order the board to promulgate a rule that specifically designates which regional board exams it will accept for purposes of licensure under R.C. 4715.15; rather, the court held that the board could not deny Dr. Jones's application under R.C. 4715.15 solely on the basis of an informal policy to deny the applications of those out-of-state dentists who never took and passed a regional board exam. In so doing, the court noted that the language of R.C. 4715.15 did not mandate passage of regional board exam, as it only mandates "a license by examination from a similar dental board under requirements equal to those of this state." The court further noted that while the board could properly adopt a rule making a regional or national board examination the only type of "similar dental board exam" acceptable under R.C. 4715.15, "the Board may not do so under the position of a policy without properly promulgating that policy under the guidance of R.C. 119.01 et seq." The court, therefore, reversed and remanded for the board to give "due consideration to whether the California examination taken and passed by Appellant [Dr. Jones] meets the similarity requirement under R.C. 4715.15."

As the above analysis of the *Jones I* decision indicates, Dr. Jones's application for licensure was dependent upon whether the exam he took in California satisfied the similarity requirement under R.C. 4715.15, and the case was remanded for the board to give due consideration of that specific issue. The

complaint in this case, however, does not seek a writ of mandamus compelling the board to do that.  In fact, nothing in the complaint indicates that the board failed to do so.[3]

Likewise, Dr. Jones's application for a license to practice dentistry in Ohio does not depend upon either the adoption of a rule by the board as sought in this case or the alleged invalidity of the rule actually adopted by the board at Ohio Adm.Code 4715-5-03.  Thus, while an out-of-state dentist who intends to apply for licensure in Ohio and whose licensing decision might be affected by application of the present rule may have standing to challenge the propriety of the board's rule, Dr. Jones is not such a person, based upon the allegations in the complaint and the attachments thereto.

In sum, *Jones I* did not require the board to adopt any rule, and Dr. Jones cannot compel the board to do so by way of a mandamus action premised on his victory in *Jones I*. As a result, the trial court correctly held that Dr. Jones did not have standing to bring the action.  Appellants' second assignment of error is not well taken and is overruled.

For the foregoing reasons, appellants' first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and McCORMAC, JJ., concur.

JOHN McCORMAC, J., retired, of the Tenth Appellate District, sitting by assignment.

---

**3.**  While the record does not indicate what in fact happened on remand, counsel for the board indicated at oral argument that the board offered Dr. Jones an Ohio license pursuant to R.C. 4715.15 and that the board's offer was rejected.