OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Erik Louis Smith, from a judgment of the Franklin County Court of Common Pleas, granting motions to dismiss filed by defendant-appellee, Tom Hayes, Director of the Ohio Department of Job and Family Services.
 {¶ 2} On May 7, 2004, appellant filed an action for declaratory judgment and injunctive relief. Appellant sought a declaration by the trial court that the provisions of R.C. 2151.3519, 2151.3524(A),2151.3527(A) and 2151.3528 violated the doctrine of separation of powers, and the constitutional guarantees of equal protection and due process, or, alternatively, in the event those provisions are not severable, that the court declare R.C. 2151.3515 through R.C. 2151.3530
unconstitutional "in toto."
 {¶ 3} On June 4, 2004, appellee filed a motion to dismiss for lack of jurisdiction, asserting that appellant did not have standing to seek the relief requested because he failed to allege any concrete interest threatened by R.C. 2151.3515 through R.C. 2151.3530. Appellee filed a second motion to dismiss on June 17, 2004. Appellant subsequently filed memorandums contra appellee's motions to dismiss. By decision and entry filed on November 29, 2004, the trial court granted appellee's motions to dismiss.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
The trial court erred by granting defendant-appellee's motions to dismiss.
 {¶ 5} The sole issue before this court is whether the trial court erred in dismissing the case due to lack of standing. Appellant seeks to challenge the constitutionality of Ohio's "Desertion of Child Under 72 Hours Old" Act (hereafter "DCA"). In general, the DCA sets forth provisions for the voluntary surrender of a newborn, 72 hours or younger, to a "safe haven," allowing the surrendering parent of an unharmed newborn anonymity and protection from criminal prosecution.
 {¶ 6} Before an Ohio court may consider the merits of a legal claim, the party seeking relief is required to establish standing to sue. Bowersv. Ohio State Dental Bd. (2001), 142 Ohio App.3d 376, 380. In the majority of cases brought by a private litigant, the issue of standing "`depends upon whether the party has alleged such a personal stake in the outcome of the controversy, as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.'" State ex rel.Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 469, quoting State ex rel. Dallman v. Court of Common Pleas (1973),35 Ohio St.2d 176, 178-179. Further, in order for a private litigant to have standing to attack the constitutionality of a legislative enactment, such litigant "must generally show that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." Sheward, at 469-470.
 {¶ 7} However, Ohio courts have recognized in certain cases that, when issues "sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties." Id. at 471. Thus, inSheward, the court "applied a `public action' exception to the traditional standing rule, and allowed several Ohio organizations and a private individual to present a constitutional challenge to comprehensive tort reform legislation enacted in 1996 Am.Sub.H.B. No. 350 as an action in mandamus." State ex rel. Ohio AFL-CIO, v. Ohio Bureau of Workers'Comp., 97 Ohio St.3d 504, 2002-Ohio-6717, at ¶ 60 (Moyer, J., dissenting).
 {¶ 8} In the instant case, appellant has not alleged that he has been injured by the legislation at issue. Instead, appellant contends that the DCA has harmed, and will continue to harm, non-relinquishing parents and children by denying them their constitutional rights to notice in proceedings affecting their parental rights. Relying upon Sheward,
appellant asserts that he was not required to allege in his complaint outcomes specifically related to him; rather, he contends, his request for declaratory and injunctive relief implicates issues of public concern, and, therefore, he has standing to bring his action based upon the "public action" (or "public right") rule.
 {¶ 9} In Sheward, at 503-504, the Ohio Supreme Court made clear that the public-action exception would not allow citizens to "have standing as such to challenge the constitutionality of every legislative enactment that allegedly violates the doctrine of separation of powers or exceeds legislative authority." Rather, according to the court, it would "entertain a public action only `in the rare and extraordinary case'
where the challenged statute operates, `directly and broadly, to divestthe courts of judicial power,'" and that it would "not entertain a public action to review the constitutionality of a legislative enactment unless it is of a magnitude and scope comparable to that of Am.Sub.H.B. No. 350." (Emphasis added.) Id. at 504. In considering the scope of Sheward,
it has been noted that "the term `public right' as used in the syllabus requires more than a showing that a statute of questioned constitutionality is of widespread public interest, or even that it potentially may affect a large number of Ohio citizens." State ex rel.Ohio AFL-CIO, at ¶ 63 (Moyer, J., dissenting).
 {¶ 10} This court has previously noted that "[a]pplication of the public action rule of standing * * * is limited," and that "courts entertain such actions only where the alleged wrong affects the citizenry as a whole, involves issues of great importance and interest to the public at large, and the public injury by its refusal would be serious."Bowers, supra, at 381. Moreover, "[t]he vast majority of such cases involve voting rights and ballot disputes." Id.
 {¶ 11} In the present case, the challenged statute is not the type of legislation of a magnitude or comparable to the tort reform enactment inSheward, and we agree with the trial court that this is not the "rare and extraordinary case" that would give rise to application of the public-right doctrine. Accordingly, because appellant cannot avail himself of this exception to traditional standing requirements, the trial court did not err in granting appellee's motions to dismiss.
 {¶ 12} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.