OPINION
{¶ 1} This action in prohibition is presently before this court for disposition of the motion to dismiss of respondent, Judge John J. Plough of the Portage County Municipal Court. As the sole basis for this motion, respondent submits that the petition of relator, Attorney Dennis Day Lager, is subject to dismissal because relator lacks the necessary standing to assert the claim for relief. For the following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} Relator is presently the Chief Public Defender for Portage County, Ohio. As part of the duties of that position, relator is obligated to provide legal representation for indigent criminal defendants who appear before respondent on certain misdemeanor charges. In bringing the instant original action, relator sought the issuance of an order under which respondent would be expressly enjoined from placing a specific condition upon a defendant's release on pretrial bail in some instances.
 {¶ 3} Specifically, relator has asserted in his instant petition that, in at least ten cases involving charges of misdemeanor domestic violence, respondent has required a defendant to attend anger management counseling as one condition of the pretrial bail. Relator has further asserted that such a condition is punitive in nature and violates the general provisions of Crim.R. 46 governing pretrial bail. In light of this, he has alleged that respondent is acting beyond the scope of his judicial authority in domestic violence cases involving indigent criminal defendants.
 {¶ 4} In now moving to dismiss the prohibition petition, respondent argues that relator is not the proper party to maintain this action because he is not a person who will directly benefit from the issuance of the writ. That is, respondent contends that relator cannot be the real party in interest because he is not a defendant in any pending matter before the Portage County Municipal Court and has not been subjected to the condition in question. Pursuant to respondent's argument, only an actual defendant in a pending domestic violence case has standing to contest the propriety of the bail condition.
 {¶ 5} In responding to the motion to dismiss, relator does not challenge the fact that, since he cannot be viewed as an "aggrieved" party in this instance, he is unable to satisfy the usual requirements for standing to maintain a civil action. Nevertheless, he still asserts that the instant case is properly before this court because, as the attorney representing the defendants in the underlying criminal cases, he can satisfy the basic requirements for the "public action" exception to the doctrine of standing. According to relator, this exception is applicable in this instance because: (1) the sole issue raised in the petition pertains to the application of the constitutional right to be released on bail during the pendency of a criminal proceeding; and (2) this issue is of great concern to the general public.
 {¶ 6} As a general proposition, an Ohio court does not have the inherent power to review the merits of a legal claim unless the person seeking the ultimate relief is able to show that he has standing to sue as a result of being a real party in interest. Smith v. Hayes, 10th Dist. No. 04AP-1321,2005-Ohio-2961, at ¶ 6. See, also, Civ.R. 17(A). As an elementary requirement for any valid civil action, the doctrine of standing has been applied to proceedings for a writ of prohibition. For example, in State ex rel. Dallman v. Franklin Cty. Court ofCommon Pleas (1973), 35 Ohio St.2d 176, the Supreme Court of Ohio held that the superintendent of a state institution could not maintain a prohibition case against a judge because the superintendent did not have a sufficient interest in the issue of whether a prisoner was entitled to be released.
 {¶ 7} Under the basic doctrine of standing, a person will not be deemed a "real party in interest" simply because he claims to be concerned about an action's subject matter; instead, he must be in a position to sustain either a direct benefit or injury from the resolution of the case. State ex rel. Village ofBotkins v. Laws (1994), 69 Ohio St.3d 383, 387. Stated differently, "`the question of standing depends upon whether the party has alleged such a "personal stake in the outcome of the controversy" * * * as to ensure that "the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." * * *.'" Dallman, 35 Ohio St.2d at 178-179, quotingSierra Club v. Morton (1972), 405 U.S. 727, 31 L.Ed. 636, 641. The Sierra Club standard for general standing was quoted again by the Supreme Court of Ohio in State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St. 3d 451, 469.
 {¶ 8} As was noted above, relator does not dispute in the instant matter that he does not have a "personal stake" in the resolution of the "condition" issue. However, as relator also correctly notes, the Supreme Court of Ohio has recognized certain limited exceptions to the foregoing general standard, such as the "public action" exception. In contending that this exception is applicable to the instant matter, relator states that the Supreme Court has summarized the exception in the following manner:
 {¶ 9} "Moreover, `[t]his court has long taken the position that when the issues sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties.' [Sheward 86 Ohio St.3d at 471]. In Sheward,
this court held that `[w]here the object of an action in mandamus and/or prohibition is to procure the enforcement or protection of a public right, the relator need not show any legal or special individual interest in the result, it being sufficient that the relator is an Ohio citizen and, as such, interested in the execution of the law of this state.' Id. at paragraph one of the syllabus." State ex rel. Ohio AFL-CIO v. Ohio Bur. Of Workers'Comp. 97 Ohio St.3d 504, 2002-Ohio-6717, at ¶ 11.
 {¶ 10} In Ohio AFL-CIO, the relators brought a mandamus action to contest the constitutionality of a statute which allowed an employer to order an injured employee to submit to a chemical test for the sole purpose of determining whether the employee had been under the influence at the time of the injury. In concluding that two labor unions had standing under the "public action" exception to maintain the mandamus action, the Supreme Court first emphasized that the issue of the statute's constitutionality had to be addressed because the statute could affect every injured employee in Ohio who might seek to participate in the workers' compensation system. Second, the Supreme Court noted that the right to be free from an unreasonable search, i.e., the chemical test, was a constitutional entitlement protected under the federal Bill of Rights.
 {¶ 11} Despite holding that the mandamus claim in OhioAFL-CIO could proceed, the Supreme Court still indicated that the procedure employed by the labor unions in that action would be permitted only under extraordinary circumstances. Id. at ¶ 12. In light of the Supreme Court's general guidance on this point, Ohio appellate courts have continued to conclude that the "public action" exception was intended to be used in a very limited manner. See Smith, 2005-Ohio-2961, at ¶ 9. In Smith, the Tenth Appellate District still relied on its prior statement inBowers v. Ohio State Dental Bd. (2001), 142 Ohio App.3d 376, as to the application of the "public action" exception. In Bowers,
the court had stated:
 {¶ 12} "Application of the public action rule of standing, however, is limited, and not all alleged illegalities or irregularities rise to that level. As such, courts entertain such actions only where the alleged wrong affects the citizenry as a whole, involves issues of great importance and interest to the public at large, and the public injury by its refusal would be serious." Id. at 381.
 {¶ 13} In Smith, 2005-Ohio-2961, the plaintiff filed a declaratory judgment action to challenge the constitutionality of the statutory scheme pertaining to the desertion of a child within seventy-two hours of its birth. In responding to a motion to dismiss before the trial court, the plaintiff admitted that he had not suffered any direct injury under the statutes in question, but still maintained that he had standing to go forward pursuant to the "public action" exception. In upholding the trial court's rejection of the argument of the plaintiff, the Smith
court based its decision upon the fact that the "desertion" statutes would not have the type of widespread effect on the general public that the statutes considered by the Supreme Court in both Sheward and Ohio AFL-CIO would have. As a result, theSmith court concluded that an extraordinary circumstance did not exist which warranted the application of the "public action" exception.
 {¶ 14} Notwithstanding the obvious differences between the claim in Smith and the prohibition claim in the instant matter, this court holds that the basic Smith analysis is applicable here. While we would agree with relator that a defendant's right to be free on bail pending the resolution of the criminal action is fundamental in nature, it cannot be said that the effect of respondent's actions as to the "anger management" condition will be of the same magnitude as the situation in Ohio AFL-CIO,
supra, which involved the effect of the enforcement of a state statute throughout Ohio. As to this point, we would again emphasize that the allegations in relator's prohibition claim only pertain to the acts of a single municipal court judge in Portage County. Moreover, according to relator, the disputed bail condition is being applied solely to defendants in domestic violence cases.
 {¶ 15} Under the aforementioned Supreme Court and appellate precedent, the fact that a party seeks to raise a significant legal issue is not sufficient to invoke the "public action" exception to the basis doctrine of standing. Instead, besides asserting an issue of great importance, the party must demonstrate that the resolution of the issue could have a substantial effect upon the public as a whole. In the instant case, relator's allegations indicate that respondent's use of the disputed bail condition will not have any effect upon the general population of Portage County, let alone the citizens of Ohio. To this extent, this court ultimately concludes that relator cannot establish the existence of any special circumstance which warrant the application of the "public action" exception. Thus, relator does not have standing to challenge, in behalf of the criminal defendants in the underlying cases. respondent's employment of the "anger management" condition in setting bail for a domestic violence offense.
 {¶ 16} In addition to the "standing" problem, our review of relator's petition shows that he has also failed to state a viable claim for a writ of prohibition. It is well settled under Ohio law that a writ of prohibition will not lie unless the relator can demonstrate, inter alia, that the judge's proposed use of his power is not authorized by law. State ex rel. Enyartv. O'Neill (1995), 71 Ohio St.3d 655, 656. In considering this element for the writ, this court has recently indicated that, if a trial court has general jurisdiction over the subject matter of a particular case, a prohibition claim cannot be employed to determine whether that court has made a "mere error" in the issuance of a judgment. See State ex rel. Godale v. Geauga Cty.Court of Common Pleas, 11th Dist. No. 2006-G-2681,2006-Ohio-2500, at ¶ 7. In other words, an alleged error by a court can only form the basis of a prohibition claim when it affects the jurisdiction of the court to go forward in the matter.
 {¶ 17} Pursuant to Crim.R. 46(B), a trial court has the general authority to place conditions upon a defendant's pretrial bail. Accordingly, even if we assume for the sake of this analysis that respondent's use of the "anger management" condition is improper, it cannot be said that this type of error would deprive respondent of jurisdiction over the domestic violence cases; instead, such an error would only be procedural in nature. In turn, it follows that, even if the instant action had been filed by a defendant in one of the underlying cases, a prohibition claim would not be the proper mechanism for contesting the propriety of respondent's acts. Rather, if a defendant is incarcerated as a result of his refusal to comply with the "anger management" condition, his proper remedy would be to pursue an action in habeas corpus before this court. SeeLucero v. State (Mar. 13, 1998), 11th Dist. No. 97-A-0085, 1998 Ohio App. LEXIS 994, at *3.
 {¶ 18} Because the allegations in the instant petition support the conclusion that relator does not have standing to pursue the matter, Respondent's motion to dismiss is granted. It is the order of this court that respondent's entire prohibition petition is hereby dismissed.
Donald R. Ford, P.J., concurs,
Diane V. Grendell, J., concurs in part, dissents in part, with a Concurring/Dissenting Opinion.