[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 2021-Ohio-1698.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2021-P-0027** |
| | : | |
| - vs - | : | |
| | : | |
| PORTAGE COUNTY BOARD OF REVISION, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Brian M. Ames,* pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci,* Portage County Prosecutor, and *Christopher J. Meduri,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} This matter is before this court on the petition for a writ of mandamus filed by relator, Brian M. Ames, against respondent, the Portage County Board of Revision (the "Board"). The Board, in response, filed a motion to dismiss under Civ.R. 12(B)(6). Mr. Ames opposed the motion and filed for summary judgment. Because Mr. Ames lacks standing, the Board's motion is granted, Mr. Ames' motion is denied, and Mr. Ames' petition is dismissed.

{¶2} Mr. Ames brings this action requesting this court issue a writ of mandamus against the Board. Specifically, Mr. Ames alleges the Board selected alternates to serve in place of its officers without specifically forming a hearing board and appointed the alternates to it, in violation of R.C. 5715.02, which states in pertinent part:

{¶3} The county treasurer, county auditor, and a member of the board of county commissioners selected by the board of county commissioners shall constitute the county board of revision, or they may provide for one or more hearing boards when they deem the creation of such to be necessary to the expeditious hearing of valuation complaints. Each such official may appoint one qualified employee from the official's office to serve in the official's place and stead on each such board for the purpose of hearing complaints as to the value of real property only, each such hearing board has the same authority to hear and decide complaints and sign the journal as the board of revision, and shall proceed in the manner provided for the board of revision by sections 5715.08 to 5715.20 of the Revised Code. Any decision by a hearing board shall be the decision of the board of revision. *Id.*

{¶4} The Board responded to Mr. Ames' petition with a motion to dismiss for failure to state a claim upon which relief can be granted, specifically arguing Mr. Ames does not have standing to bring this action.

{¶5} "[M]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2931.01. To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, ¶6, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶6, 13.

{¶6} "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999), citing *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994). The private litigant must show he or she has suffered or is threatened with "direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." *Sheward, supra,* at 469-470. As this court has stated, "[u]nder the basic doctrine of standing, a person will not be deemed a 'real party in interest' simply because he claims to be concerned about an action's subject matter; instead, he must be in a position to sustain either a direct benefit or injury from the resolution of the case." *Lager v. Plough*, 11th Dist. Portage No. 2006-P-0013, 2006-Ohio-2772, ¶7, citing *State ex rel. Village of Botkins v. Laws*, 69 Ohio St.3d 383, 387 (1994).

{¶7} This general rule also applies equally to a petition for writ of mandamus; a relator's complaint must generally set forth facts showing the relator is a party "beneficially interested" in the requested action. *Bowers v. Ohio State Dental Bd.*, 142 Ohio App.3d 376, 380-381 (10th Dist.2001), citing *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226 (1997).

{¶8} Mr. Ames argues he has a beneficial interest in the lawful operation of the Board and in the decisions of the Board rendered on complaints. However, he does not argue he has a special interest, different from that suffered by the public in general, or that he will sustain either a direct benefit or injury from the issuance of the requested writ

3

of mandamus. As such, we find Mr. Ames does not have a beneficial interest in the requested action.

{¶9} There is, however, an exception to the common standing rules generally referred to as the public action theory of standing, which states, "[w]here the object of an action in mandamus and/or prohibition is to procure the enforcement or protection of a public right, the relator need not show any legal or special individual interest in the result, it being sufficient that the relator is an Ohio citizen and, as such, interested in the execution of the laws of this state." *Sheward*, *supra*, paragraph one of the syllabus. *See also Bowers, supra,* at 381, quoting *State ex rel. Nimon v. Springdale*, 6 Ohio St.2d 1, 4 (1966), quoting 35 Ohio Jurisprudence 2d (1959) 426, Section 141 (""""where the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party and the relator need not show that he has any * * * special interest in the result, since it is sufficient that he is interested as a citizen or taxpayer in having the laws executed and the duty in question enforced.""").

{¶10} This, however, is a narrow exception to be applied when refusal of the writ will cause serious harm to the public. *Lager, supra,* at ¶11 ("In light of the Supreme Court's general guidance on this point, Ohio appellate courts have continued to conclude that the "public action" exception was intended to be used in a very limited manner."). "'Not all alleged illegalities or irregularities are thought to be of that high order of concern.'" *Sheward, supra,* at 503, quoting Jaffe, Standing to Secure Judicial Review: Public Actions (1961), 74 Harv.L.Rev. 1265, 1314. "'There are serious objections against allowing mere interlopers to meddle with the affairs of the state, and it is not usually allowed *unless under circumstances when the public injury by its refusal will be serious*.'" (Emphasis

4

added.)" *Sheward, supra,* at 472 quoting *State ex rel. Trauger v. Nash,* 66 Ohio St. 612, 615-616 (1902). Moreover, "[t]he vast majority of such cases involve voting rights and ballot disputes." *Bowers, supra*.

{¶11} In this case, Mr. Ames, in the words of the Supreme Court of Ohio, is a "mere interloper." He alleges there exists the potential for harm in that the alternates were appointed by the Board without the creation of a hearing board. Even if there were a violation of R.C. 5715.02 in this case, the merits of which we do not address here, this is not a situation in which such rare and extraordinary relief is warranted.

{¶12} The issuance of a writ is not solely reliant on the wide-spread nature of the matter. "In considering the scope of *Sheward*, it has been noted that 'the term "public right" as used in the syllabus requires more than a showing that a statute of questioned constitutionality is of widespread public interest, or even that it potentially may affect a large number of Ohio citizens.'" *Smith v. Hayes*, 10th Dist. Franklin No. 04AP-1321, 2005-Ohio-2961, ¶9, quoting *State ex rel. Ohio AFL–CIO*, 97 Ohio St.3d 504, 2002-Ohio-6717, ¶63 (Moyer, J., dissenting). Indeed, in *Smith, supra*, the Tenth District Court of Appeals dealt with the constitutionality of Ohio's "Desertion of Child Under 72 Hours Old" Act, which permits the desertion of infants within 72 hours after birth to a designated "safe haven." Despite the great importance and wide-spread nature of the Act, the court nevertheless determined that a writ of mandamus was not warranted because the potential for harm was not severe enough to be considered a "public right."

{¶13} Likewise in this case, there is no dispute that public bodies must follow the statutory mandates pertaining to them. Nevertheless, it is the severity of public harm that courts must consider when deciding whether to issue extraordinary relief. We do not find

5

the potential harm in this case to be severe enough to be considered a "public right." R.C. 5715.02 allows that "[e]ach * * * official may appoint one qualified employee from the official's office to serve in the official's place", i.e., alternates. Were the writ to issue, it appears from the facts alleged that the change would be one in name only, converting the presently serving alternates to members of a hearing board. Thus, we discern no threat of serious harm to the general public, under these circumstances, that merits the issuance of the requested writ.

{¶14} Accordingly, respondent's motion to dismiss is granted; relator's motion for summary judgment is denied. Relator's petition is dismissed.

MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.

6