[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Portage Cty. Bd. of Revision*, Slip Opinion No. 2021-Ohio-4486.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4486

THE STATE EX REL. AMES, APPELLANT, *v.* PORTAGE COUNTY BOARD OF REVISION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Portage Cty. Bd. of Revision*, Slip Opinion No. 2021-Ohio-4486.]

*Mandamus—Standing—Relator lacks standing to bring mandamus action against a board of revision when he fails to allege that his property was the subject of an improper hearing by the board or that he has been personally harmed by the board's practices—Court of appeals' dismissal of complaint affirmed.*

(No. 2021-0647—Submitted October 5, 2021—Decided December 23, 2021.)

APPEAL from the Court of Appeals for Portage County, No. 2021-P-0027, 2021-Ohio-1698.

_____

**Per Curiam.**

{¶ 1} Appellant, Brian M. Ames, appeals the judgment of the Eleventh District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Portage County Board of Revision, for lack of standing. We affirm.

## I. Background

{¶ 2} Each Ohio county has a board of revision that is authorized to hear and decide complaints regarding the valuation of real property for taxation purposes. R.C. 5715.01(B). The board consists of the county treasurer, the county auditor, and one member of the county board of commissioners who is selected by the commissioners. R.C. 5715.02. The board is also authorized to create hearing boards, when necessary, to hear valuation complaints expeditiously. *Id.* Each board member "may appoint one qualified employee from the official's office to serve in the official's place and stead on each such board." *Id.*

{¶ 3} On January 11, 2021, the Portage County Board of Revision held its mandatory organizational meeting. The treasurer, the auditor, and the commissioner assigned to the board were in attendance. They "discuss[ed] the selection of alternate delegates to serve on the board during scheduled appeal hearings." Proposed alternates for each of the board members were identified. However, the board did not create any hearing boards.

{¶ 4} Ames resides in Portage County where he owns parcel No. 28-100-00-00-011-000. On March 17, 2021, Ames filed a complaint for a writ of mandamus in the Eleventh District Court of Appeals. He alleged that the Revised Code requires the creation of hearing boards for which alternates may then be identified but that the board members may not lawfully appoint alternates to the board itself. He asked the court to issue a writ of mandamus compelling the board to create hearing boards and to record the name of the board member or board member's appointee assigned to each board and to "[r]evoke any and all designations of alternates" made by the board.

2

**{¶ 5}** The board filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted and on the ground that Ames lacks standing. Ames responded with a cross-motion for summary judgment.

**{¶ 6}** On May 17, 2021, the court of appeals granted the motion to dismiss and denied the motion for summary judgment. 2021-Ohio-1698, ¶ 14. The court of appeals held that Ames lacks standing, *id*. at ¶ 8, and that the "public right" exception to standing does not apply, *id.* at ¶ 13.

**{¶ 7}** Ames appealed to this court as of right.

## II. Legal analysis

**{¶ 8}** We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. Whether a party has standing to bring an action is a question of law that we also review de novo. *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 10.

**{¶ 9}** Standing determines "whether a litigant is entitled to have a court determine the merits of the issues presented." *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994). A party must establish standing to sue before a court will consider the merits of the party's claim. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27.

**{¶ 10}** A party lacks standing unless he has, in an individual or representative capacity, "some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973), syllabus. To have standing in a mandamus case, a relator must be " 'beneficially interested' " in the case. *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, 158 Ohio St.3d 303, 2019-Ohio-5160, 141 N.E.3d 189, ¶ 9, quoting *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 299, 685 N.E.2d 1251 (1997); R.C. 2731.02. "[T]he applicable test is

whether [a] relator[] would be directly benefited or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226, 685 N.E.2d 754 (1997). A mandamus action brought by a party that lacks standing will be dismissed. *See generally Hills & Dales*.

{¶ 11} Ames does not allege that his property was the subject of an improper hearing by the board. Nor does he claim that the board's practices have harmed him in any way. Instead, he presents the following propositions of law.

### A. The first proposition of law

{¶ 12} The complaint alleged that "[a]s the owner of parcel 28-100-00-00-011-000, Mr. Ames enjoys standing to bring this action." In his first proposition of law, Ames contends that the court of appeals was required to accept this assertion as true and therefore could not dismiss his complaint under Civ.R. 12(B)(6).

{¶ 13} When standing is challenged in a motion to dismiss, the court must presume that all the *factual* allegations in the complaint are true. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 41. But "legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, 162 N.E.3d 773, ¶ 12 (holding that the court was not required to accept as true the relator's assertion that he lacked an adequate remedy in the ordinary course of the law). Applying these rules to the present case, the court of appeals was required to accept as true the allegation that Ames owns the parcel that he identified in his complaint, but it was not required to accept the legal conclusion that this property ownership confers standing on Ames to bring the mandamus action. We reject Ames's first proposition of law.

### B. The second proposition of law

{¶ 14} In addition to the averment of standing quoted above, the complaint also alleged that "Mr. Ames is prejudiced by the illegal organization of the board as the [sic] fair hearing of complaints against valuation or assessment." In his

second proposition of law, Ames asserts: "The taxable value of all real property in the same taxing district and class is a critical factor in the determination of the effective tax rate for parcel 28-100-00-00-011-000 owned by Mr. Ames. R.C. 319.301(B)(3). Therefore, Mr. Ames has a beneficial interest in the lawful operation of the [board] and in the decisions of the [board] rendered on complaints filed under R.C. 5715.19."

{¶ 15} Ames's theory is that a misevaluation of one property affects the tax assessment of his own property, and therefore he has standing. But even assuming that to be true, Ames alleged only that he has an interest in the *outcome* of tax-rate assessment appeals. Whether he has standing to challenge the procedures by which the board conducts those hearings is a different question. In other words, Ames has not alleged that he is personally harmed by the board's practice of appointing alternates without first creating separate hearing boards.

{¶ 16} Ames also asserts that R.C. 5715.19(A)(1) confers standing on him to bring this action. That section authorizes the filing of complaints with the county auditor to challenge any of the determinations that the board is statutorily authorized to make and does not limit the persons who may file such complaints. But R.C. 5715.19(A)(1) is inapplicable, because this is not a complaint challenging a valuation determination, recoupment charge, or any other substantive decision by the board, and it was not filed with the county auditor. This is a mandamus action seeking to compel the board to change how it conducts business in all cases. Therefore, R.C. 5715.19(A)(1) does not confer standing on Ames to bring *this* action.

{¶ 17} Finally, Ames argues that the court of appeals "erred in finding * * * the potential harm in this case to be not severe enough to merit the issuance of the requested writ." Ames maintains that the court of appeals should have found standing based on the theory that he had asserted a "public right." The court of appeals did not need to make any determination with respect to an alternative theory

of standing, however, because Ames did not assert the issue in the court of appeals. And because he failed to raise the issue, he waived it. *See ProgressOhio.org* at ¶ 16 (holding that the appellant waived a claim of taxpayer standing by failing to raise it in the court of appeals).

{¶ 18} Ames's second proposition of law has no merit.

*C. The third and fourth propositions of law*

{¶ 19} The remaining propositions of law do not present substantive challenges to the court of appeals' decision on standing. In his third proposition of law, Ames argues that the board's practice of designating alternates prior to the creation of hearing boards violates the law because it allows the alternates to perform all duties of the board and not just hear complaints as to the valuation of real property. And in his fourth proposition of law he contends that, because the board is violating the law and the facts are not in dispute, the court of appeals should have granted his motion for summary judgment. Because we hold that Ames lacks standing to bring this mandamus action, it is unnecessary for this court to address these arguments.

### III. Conclusion

{¶ 20} For these reasons, we hold that the court of appeals properly dismissed Ames's complaint for lack of standing.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Brian M. Ames, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Christopher J. Meduri, Assistant Prosecuting Attorney, for appellee.

_____